

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-23-00092-CR

___

ALEX HERNANDEZ ORONA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

___

On Appeal from the 100th District Court
Carson County, Texas
Trial Court No. 7246, Honorable Stuart Messer, Presiding

___

October 12, 2023

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Alex Hernandez Orona, appeals his convictions for evading arrest in a motor vehicle[1] and aggravated assault on a public servant[2] and concurrent sentences to twenty-five years' and sixty years' confinement. The appellate record was originally due July 7, 2023. The clerk's record was filed by this deadline, but the reporter's record was

___

[1] See TEX. PENAL CODE ANN. § 38.04.

[2] See TEX. PENAL CODE ANN. § 22.02.

not.  We subsequently granted the reporter three extensions to file the reporter's record due to her caseload and medical issues.  By letter of September 7, 2023, we admonished the reporter that failure to file the reporter's record by September 19 could result in the appeal being abated and the cause remanded to the trial court for further proceedings without further notice.  The reporter has since requested a fourth extension to file the reporter's record due to her continuing medical issues.

We deny the request for extension, abate the appeal, and remand the cause to the trial court for further proceedings.  *See* TEX. R. APP. P. 35.3(c) ("The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed."); 37.3(a)(2) (requiring appellate courts to "make whatever order is appropriate to avoid further delay and to preserve the parties' rights" when the appellate record is not timely filed).  On remand, the trial court shall determine the following:

(1)     what tasks remain to complete the filing of the reporter's record;

(2)     why the reporter has not completed the necessary tasks;

(3)     what amount of time is reasonably necessary for the completion of those tasks; and

(4)     whether the reporter can complete the tasks within the time the trial court finds reasonable.

Should the trial court determine that the reporter will require more than thirty days to complete, certify, and file the reporter's record, it shall arrange for a substitute reporter to do so.  The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a

2

supplemental clerk's record and cause that record to be filed with this Court by November 13, 2023.

Should the reporter file the record on or before October 26, 2023, she is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.